IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE | * CHAPTER 7 | 09-29060 |
| MAX KESSLER | * CASE NO.: | |
| Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MAX KESSLER | * | |
| Plaintiff | * ADVERSARY PROC. NO.: | |
| -v- | * | FILED 2009 OCT -8 AM 11:52 U.S. BANKRUPTCY COURT DISTRICT MARYLAND |
| CAPTIAL ONE BANK | * | |
| Defendant | * | |

oOo
**COMPLAINT TO SET ASIDE PREFERENCE**

The Debtor/Plaintiff, Max Kessler, in proper person, files this Complaint to Set Aside Preference and states as follows:

1. This case was commenced by the Debtor/Plaintiff by filing a voluntary petition under chapter 7 of the United States Bankruptcy Code on October 8, 2009.

2. This complaint is filed, pursuant to 11 U.S.C. section 522(h) to set aide a transfer of the Debtor's exempt property to Defendant, Capital One Bank. This Court has jurisdiction under 28 U.S.C. section 1334. This is a core proceeding.

3. On July 17, 2009, less than 90 days prior to commencement of this case, Capital One Bank, caused the attachment of the Debtor's wages from the Debtor's employer, Walmart. This garnishment continued during the less than 90 days prior to the filing of this case.

4.      Pursuant to this garnishment, for payment of an antecedent debt to the Defendant, Defendant received between Jul 17, 2009 and October 8, 2009 a total of $647.66.

6.      The Debtor could have exempted those funds in the case had they been recovered by the trustee as a preference under 11 U.S.C. section 547.

7.      The Trustee has not attempted to avoid this transfer.

8.      The aforesaid transfer to the Defendant was not voluntary not did the Debtor conceal any of the property involved.

9.      The transfer to Defendant on account of the antecedent debt to it while the Debtor was insolvent, enabled Defendant to receive more that it would have received if the transfer had not been made, since the Defendant would have received no dividend in the Debtor's bankruptcy case.

WHEREFORE, Max Kessler, Debtor, prays for judgment against the Defendant order it to return to $647.66 obtained by it as described above and ordering such other and further relief as the nature of his cause may require.

_____
Max Kessler
3737 Clarks Lane, Unit 307
Baltimore, MD 21215

IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND**

IN RE                          * **CHAPTER 7**

**FOR THE DISTRICT OF MARYLAND**

IN RE                          * **CHAPTER 7**

**MAX KESSLER**                * CASE NO.:

    Debtor                     *

*****************************************************************

**MAX KESSLER**                *

    Plaintiff                  * ADVERSARY PROC. NO.:

-v-                            *

**CAPTIAL ONE BANK**           *

    Defendant                  *

o0o

### ORDER GRANTING COMPLAINT TO SET ASIDE PREFERENCE

Upon consideration of the Debtor's Complaint to set aside Preference and any response thereto it is

ORDERED that the Debtor's Complaint is hereby granted and it is further

ORDERED that the Defendant is to return to the Debtor the sum of $647.66

**END OF ORDER**

cc:
Debtor
Counsel
Defendant
Trustee
U.S. Trustee